**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Lawrence SHELDON, Defendant—**
**Appellant.**

**No. 07–10485.**

United States Court of Appeals,
Ninth Circuit.

Submitted June 20, 2008.*

Filed June 25, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

Susan Cushman, Esq., Office of the U.S. Attorney, Honolulu, HI, for Plaintiff–Appellee.

Pamela O'Leary Tower, for Defendant–Appellant.

Before: GOODWIN, RYMER, and IKUTA, Circuit Judges.

### MEMORANDUM **

Lawrence Sheldon appeals his conviction and sentence on the ground that the district court abused its discretion and violated Sheldon's rights under the Sixth Amendment by refusing his pro se request for appointment of substitute trial counsel after his conviction but prior to his sentencing hearing.

"We have consistently applied three factors in reviewing a district court's denial of a motion to substitute counsel: the adequacy of the district court's inquiry, the extent of any conflict, and the timeliness of the motion." *United States v. Adelzo–Gonzalez*, 268 F.3d 772, 777 (9th Cir.2001). The record confirms that the district court's investigation was adequate. The district court held a hearing with respect to Sheldon's request for substitution and continued the sentencing hearing to

permit Sheldon further discussions with his counsel. *Id.* ("[A] district court must conduct such necessary inquiry as might ease the defendant's dissatisfaction, distrust, and concern." (internal quotation marks omitted)); *see also United States v. Smith*, 282 F.3d 758, 763–65 (9th Cir.2002); *United States v. Corona–Garcia*, 210 F.3d 973, 977 (9th Cir.2000). Regarding the extent of any conflict, Sheldon asserted that he lacked "confidence" in his attorney because she failed to file a motion for an acquittal based upon her post-trial conversation with a juror in which the juror discussed his motivations for voting to convict. However, there was no allegation of extrinsic influence upon or tampering with the jury, and the district court had polled the jury, ruling out the possibility of mistake in the verdict form. Fed.R.Evid. 606(b); *see McDonald v. Pless*, 238 U.S. 264, 267–68, 35 S.Ct. 783, 59 L.Ed. 1300 (1915); *United States v. Elias*, 269 F.3d 1003, 1020 (9th Cir.2001). Therefore, the district court correctly concluded that a motion on this ground would have been baseless, and properly considered the unreasonableness of Sheldon's request in its conflict analysis. *See Smith*, 282 F.3d at 763–64; *Corona–Garcia*, 210 F.3d at 977 n. 2. Moreover, there was no lapse of communication or representation. *Smith*, 282 F.3d at 763–65; *Corona–Garcia*, 210 F.3d at 977. The timeliness of the inquiry is not an issue in this case.

Because the district court conducted the inquiry required under our precedents, and because the Sixth Amendment does not afford an indigent defendant an unqualified right to the appointment of replacement counsel solely because that defendant unreasonably disagrees with ap-

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

pointed counsel's strategic trial choices, we affirm the conviction and sentence.

**AFFIRMED.**

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.